EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2019-01786 |

_____ and EEOC
State or local Agency, if any

**Name (indicate Mr., Ms., Mrs.):** Raine Pease
**Home Phone (Incl. Area Code):**
**Date of Birth:**

**Street Address / City, State and ZIP Code:** 690 Hungry Harbor Rd, Valley Stream, NY 11581

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name:** NYPD
**No. Employees, Members:** 500 or More
**Phone No. (Include Area Code):**
**Street Address / City, State and ZIP Code:** 1 Police Plaza, New York, NY 10003

**DISCRIMINATION BASED ON (Check appropriate box(es).)**
☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 03-14-2018
Latest: 01-15-2019
☒ CONTINUING ACTION

**THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):**

I am an African American/Bi-Racial male who is currently employed at the above-named entity Since January 23rd, 2007.

I believe I was discriminated against by my employer on the basis of my race when I received excessive disciplinary actions for false allegations made against me all orchestrated by Indian Commanding Officer Deodoat Urprasad, while less severe actions were taken against my Indian coworker. Specifically, around September 2017 I received an unwanted transfer from the morning shift to the evening shift. Also on September 2nd, 2017 female white sergeant told me that I would not be doing the food festival's detail that commander Urprasad was in charge off. That day he was physically overseeing that particular detail since it was an Indian food festival. On September 12th, 2017 after responding to a 911 call involving a possible incident involving another Indian civilian, false allegations were created regarding what really happened on that incident. Suddenly I was notified by my administrative lieutenant that I had to report to the evening shift as of September 16th, 2017. Also, as of September 16th, 2017 I was on "Solo foot post" at various locations

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 08, 2019
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
FEB 08 2019
DATE RECEIVED

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>520-2019-01786 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

up until November 22nd, 2017 and I believe that this was also a retaliation. No prior notification or explanation was given to me. Indian Commanding Officer Urprasad, has been harassing me since 2015. He has tried everything to write me up, he has put me on foot posts, switched me from day shifts (after being a senior officer for 10 years), in forms of retaliation because he might have found out that I wanted to file an internal discrimination complaint against him. Urprasad has a history of discriminating officers who were Hispanics of color there are lawsuits against the department where, his name has appeared. (See attached documents) On or about October, I spoke to one of my colleagues about my concerns about the job and filling an internal claim and he advised me not to do so because it would me my word against theirs and that we were powerless. On or about November 2017, while I was intentionally placed on foot post by myself, raising safety concerns because another officer should have been assigned to that post with me, 4 other colleagues became concerned and tried to assist me on providing shelter in the vehicles so that I could keep warm or they were concerned about my safety, they later told me that were retaliated against because of that. One of those colleagues who tried to assist me was Dildy Arruza and they were all aware of what was being done to me. On November 21st, 2017, I decided to come to the EEOC and file a complaint and I was told that I did not have a valid EEOC claim.

Based on the above, I believe I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and other applicable Federal, state, and local anti-discrimination statutes.



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
FEB 0 8 2019
DATE RECEIVED

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br>I declare under penalty of perjury that the above is true and correct. | NOTARY – When necessary for State and Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
|---|---|
| Feb 08, 2019<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 520-2019-01838 |

New York State Division Of Human Rights and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Raine Pease
**Home Phone:** (516) 451-7998
**Year of Birth:**

**Street Address:** 690 Hungry Harbor Rd, VALLEY, NY 11581

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

**Name:** NYPD
**No. Employees, Members:**
**Phone No.:**

**Street Address:** 1 Police Plaza, NEW YORK, NY 10003

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*
☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 01-15-2019   Latest: 01-15-2019
☒ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

I have been employed as a Police Office for the past 12 years. I believe I am being retaliated against by the New York City Police Department NYPD (Respondent) for attempting to file charges in November 2017 for discrimination against my former Commanding officer. On March 14, 2018, I received excessive disciplinary actions against me as 4 other officers, 2 Indian, 2 white, received a much lesser actions for a incident on January 10, 2018. On May 3, 2018 a IAB test conducted on me and was working with one of the Indian officers from January 10, 2018. On August 1, 2018 I was given an unwanted transfer from Queens to Brooklyn, with no written notification, no punishment actions taken against Indian officer. On January 15, 2019 I received a set of written discipline actions against me for IAB test conducted on May 03, 2018, no actions taken against Indian Officer (Ali). On January 29, 2019 I was given an offer of 30 vacations days forfeiture and a year probation, I declined the offer and asked for a job trial and no actions against Indian officer (Ali) who was not present on January 15, 2019, January 29, 2019. On February 5, 2019, I learned that disciplinary actions were going to be taken against the Indian officer.

Police Officer Ali and I were involved on incident dates of January 10, 2018 and May 3, 2018. Minor action were taken against officer Ali for an incident on January 10, 2018 written claims filed against me by my employer which is considered severe. On August 1, 2018 I was given an unwanted transfer to Brooklyn from Queens with no written notification or explanation. No actions

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Raine Pease on 03-05-2019 03:34 PM EST

**NOTARY** – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2019-01838 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

taken against Officer Ali for incident on May 3, 2018. Written charges were filed against me on January 15, 2019. On January 29, 2019, I was offered a settlement of a year probation and 30 vacation days to be taken. No actions taken against Officer Ali.

I believe my rights have been violated under Title VII of the Civil Rights Act of 1964, as amended and am a victim of retaliation due to my prior EEO activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Raine Pease on 03-05-2019 03:34 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Raine Pease
690 Hungry Harbor Rd
Valley Stream, NY 11581

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2019-01786 | Silvia Y. Deng-Batista, Investigator | (212) 336-3761 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[X] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

5/17/19
(Date Mailed)

Enclosures(s)

cc:
David Goldfarb
**POLICE DEPARTMENT CITY OF NEW YORK**
1 POLICE PLAZA, RM 1406
New York, NY 10038

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## EEOC FACTS STATEMENTS

On 9/10/2017 my partner PO Bachhal and I responded to a 911 call of alleged items taken from a car. Our response was delayed handling two other previous priority 911 calls. Sgt Itwaru was on scene for those priority calls. Approximately 40 minutes later we arrived at the car break in location on Eldert's Ln, however the complainant was not on scene. After we waited awhile, using his department issued cell phone, PO Bachhal was attempting to call and locate the complainant.

While still on his department issued cell phone, complainant did approach PO Bachhal, seated in the front passenger side of the police vehicle. Complainant stated he did call to report an unknown male tampering with his brother in law's car. The complainant further informed my partner and I that he did attempt to confront the unknown male. This led to a physical altercation between the unknown male and himself. Complainant stated that he was punched about the face by the unknown male causing pain to his jaw area. According to complainant, unknown male fled the scene toward Jamaica Ave.

PO Bachhal asked the complainant if anything was taken from his person. He also asked him if needed medical attention.

The complainant refused medical assistance stating that he would seek medical attention at a later time .When Po Bachhal exited the police vehicle to retrieve paper work and before re entering the car, the complainant asked if we were going to look for the unknown male. We explained the circumstances of delayed response to his 911 call and why it wouldn't be fruitful to search for the perpetrator at the moment.

The complainant was informed by my partner that the detective squad would further investigate the complaint. When my partner re-entered the police car, he stated there was a smell of alcohol emanating from the complainant.

Shortly thereafter, the brother in law of the complainant and the vehicle's owner, Ansar, did appear on scene. He approached the driver's side window, where I was still seated. The brother in law stated he was the car's owner and that the car had been locked. He further stated that credit cards were missing from his car, and that he had the car key. I offered to provide the brother-in-law (Ansar) with a

complaint report. He refused all forms of police paperwork regarding the complaint because he cancelled his credit cards.

The 911 call was then finalized as an assault.

On 9/12/2017 I was informed by PO Bachhal that an issue had risen concerning our handling of the 911 call on Eldert's Ln.

The assault complainant accused PO Bachhal and I of mishandling his complaint and gave several falsehoods as the reason.

The complainant stated that we:

offered no medical attention, were using personal cell phones and did not exit police vehicle.

My partner and I explained our version of events to the Integrity control officer Lt Alberano. Additionally, a phone call was made on our behalf from the brother in law (Ansar) to dispute the accusations. These facts were presented to the 102 pct CO Deodat Urprasad by Lt Alberano. These facts were rejected by CO Urprasad.

I was informed by Lt Alberano that command disciplines would be issued to Bachhal and myself for improper report classification by the authority of the CO. Additionally, we were informed by Lt Mcgroty (admin dept) that we would be removed from our current day tours. I was being transferred to the 4x12 tour and Bachhal to the 12x8 tour.

**NOTE: CO Deodat Urprasad is of Guyanese descent. Complainant was of Guyanese descent.**

On dates 10/2 -10/3/17 and 10/9/17 I was assigned as a single foot post to guard an abandoned house that had caught fire. The location at 95-48 114 St, was known to be used by homeless squatters.

The conditions provided no immediate access to restrooms or food. Due to the high volume of 911 calls generated by this tour it was difficult to obtain relief when needed. I had one supervised visit a tour and minimal co worker contact. During the beginning and end of my posts, I noticed previous day tour posts and midnight posts were afforded police vehicles

**NOTE: Officers afforded vehicles were White and Indian.**

On 11/2/2017, PO Rojas and myself were standing post in a very active noise filled location. PO Rojas received a call on his personal cell phone. The call was from PO Malave informing us that central tried to raise our post. We returned communication to central immediately to be accounted for. Sgt Rozenfeld visited our post inquiring about the failed response. I explained we both experienced outside noise drowning out radio transmissions. Sgt Rozenfeld did inform us that the CO was angry due to the initial lack of response. At the end of our tour Rojas and I were informed by Sgt Rozenfeld that command disciplines were going to be issued by the authority of CO Urprasad.

On 11/4/17, 11/9/17 and 11/11/17, I was placed under the elevated subway located at 102 St & Jamaica Ave, as a solo foot post after the radio incident.

PO Rojas did not receive adverse assignments. Additionally, he was placed in a patrol sector car. Due to cold conditions at this post, PO Arruza and PO Dildy offered me shelter in their police vehicle. The officers informed me that they were given a form of reprimand for their efforts to help me. On 11/12/17, I was placed without explanation as a solo foot post at Jamaica Ave & Van Wyck Expy.

On 11/15/17, I was placed again without explanation as a solo foot post at 111 St & Jamaica Ave. At this post I encountered a lost autistic young adult male. Through my efforts and aid of other co workers, he was subsequently reunited with his mother. Following that incident on dates 11/17 - 11/19/17, I was placed guarding hospitalized prisoners.

**NOTE: PO Rojas is White Hispanic.**

On 11/21/17, PO Bachhal and I went to 1 Police Plaza to file a departmental EEO complaint against Deodat Urprasad. We were discouraged from filing a complaint when the liaisons learned the rank of the subject. I then filed a Federal EEOC complaint at the Manhattan district office.

Returning to work after my days off on 11/24/17, I was assigned as a patrol sector in a police vehicle. I learned that due to a promotion CO Urprasad was no longer at the 102 pct but still responsible for command operations. The new CO was Capt. Nillan.

During the months of late November to December 2017, I learned that several officers: PO Darmalingum, PO Czerw and PO Rabi* were involved in an unauthorized vehicle pursuit. The pursuit resulted in an accident causing the hospitalization of the pursued driver. I learned the unit the officers were in, was disbanded. The officers involved were placed in different specialized units that are deemed favorable within the 102 pct.

In late December 2017, PO Bachhal and I were placed back on day tours, although in different squads.

**NOTE: PO Darmalingum is Guyanese,**

**PO Czerw and PO Rabi* are White**

* last name letter may be missing.

On 1/10/18 while working with PO Ali, we assisted another patrol sector involving a possible crime. PO's Blake and Oliver were the assigned sector and had not arrived yet. On scene were PO's Bellacosa and Singh. PO Ali and I were informed by on scene officers of a cell phone dispute between a male and female known to each other. All present officers tried assisting both parties to an amicable resolution which the parties didn't accept.

I noticed a woman's shoulder bag on the trunk of a vehicle. I saw a slightly opened pocket within the bag that contained a small quantity of marijuana. When PO's Blake and Oliver arrived I informed them of the situation and of my marijuana findings. I voiced my thoughts that the female shouldn't be charged with the marijuana and other officers felt the same. Ultimately PO Blake took control of the situation. I later learned that he discarded the marijuana in a trash can at the 102 pct. The marijuana finding was an IAB test. All officers involved were interviewed by IAB. In February 2018, the investigation resulted in PO Blake leaving NYPD. He was the subject of the IAB test. The other officers not including me were issued command disciplines and forfeiture of 2 vacation days by IAB. In March 2018, I received charges and specifications by IAB for my involvement.

**NOTE: PO Bellacosa and PO Oliver are White**

**PO Singh and PO Ali are Indian**

On 5/3/18, while again working with PO Ali, we responded to a 911 call at Planet Fitness involving a locker theft. The complainant was off duty Corrections Officer Willie Barnes. He informed us that his job I.D and shield had been stolen from his locker. Mr. Barnes' fiancé was also on scene assisting him with our investigation. As Officer Ali and I were concluding our report all four of us exited outside. Our patrol car was parked in front of the business. PO Ali sat in the front passenger seat with the car door open, finishing his report. While Mr. Barnes and I were standing in front of Planet Fitness, I was approached by an unknown male. The male asked me for advice concerning his daughter. He gave an explanation of communication breakdown between him and the child's mother. He wanted to know a better way to handle child exchange. The male made no allegations of criminality towards the mother. He indicated he just wanted to know of a better exchange situation.

I advised him of other avenues including family court. He then informed me of an upcoming family court date. I replied to him to bring the issue up on that date. At that point the male began continuously asking for a report. I explained his need for advice did not meet the requirements for a report which I interpreted as custodial interference. The male was so persistent that Mr. Barnes unexpectedly shared the same personal experience which was resolved through family court. I acknowledged Mr. Barnes but continued explaining procedures to the male. Within in minutes an unknown female came on scene and stated she was the child's mother and voiced the same concerns as the father. I reiterated the family court solution to both parties. Once again unknown male requested a report, I restated my position. Both unknown male and female left location, going separate ways.

Mr. Barnes and fiancé left the location. I entered the patrol car driver seat at which point PO Ali inquired about the unknown parties.
**NOTE: PO Ali is Indian.**

In mid June of 2018, PO Ali and I were interviewed by IAB. We learned that the May 3rd encounter at Planet Fitness with the unknown male and female was an IAB test.

On 8/1/18, I was informed by the 102 desk officer Sgt Peyer, that I was immediately being transferred to the 70 pct in Brooklyn. I was given no written notification or explanation for the transfer.

On 1/15/19, I was ordered to 1 Police Plaza. I was issued with charges and specifications by IAB concerning their test. On 1/29/19 I was again ordered to 1 Police Plaza. I was presented with a settlement offering 1 year of probation and forfeiture of 30 vacation days. I declined the offer an opted for a departmental trial. On 2/5/19, I was again ordered to 1 Police Plaza for trial prep. Although PO Ali was initially not charged by IAB, I learned he was subsequently charged after my decision for a departmental trial.

The commonalties of these events are:

All police officers that received favorable treatment even with questionable actions were White or of Indian descent. I believe the actions demonstrated against me by Deodat Urprasad are due to my national origin and race. I also believe the events that followed were retaliatory on the Department's behalf because of the EEO's filed.

Furthermore, I noticed I.A.B Log Nos. 18-11288 & 18-48814, have compromising statements of the actual events that attack my character.