| 1

## EEOC CHARGE OF DISCRIMINATION

**Raine Pease**
**690 Hungry Harbor Road, Valley Stream, New York 11581**

**Employer: The City of New York, The New York City Police Department and Deodat Urprasad**
**1 Police Plaza, New York, New York 10003          500 or more**

      I believe that my employer, the City of New York ("City"), the New York City Police Department ("NYPD") and my Commanding Officer, Deodat Urprasad ("Urprasad") has discriminated against me because of my race and/or national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, and retaliated against me by subjecting me to less favorable treatment in the terms and conditions of my employment in comparison to other similarly situated Police Officers outside of my protected class and has retaliated against me by placing me on Dismissal Probation under threat of termination at any time and caused me to suffer adverse action.

      A.    Issues/Basis/Dates of Discrimination

           1.    I filed an original EEOC Charge of Discrimination based upon race and national origin on February 8, 2019 No. 520-2019-01786.

           2.    I am filing this EEOC Charge of Discrimination based upon continuing acts of discrimination and retaliation, and the most recent adverse action was taken against me on February 6, 2020.

      B.    Discriminatory Practices/Racial Animus/Retaliation

           1.    At all relevant times, it has been and is the custom, practice, pattern and policy of the City, the NYPD and Urprasad to discriminate against similarly situated African Americans due to animus harbored towards them, such as myself, due to race and national origin.

           2.    On or about February 8, 2019, I filed a Charge of Discrimination with the EEOC complaining of discrimination based on race and/or national origin, hostile work environment, retaliation and failure to promote against the City, the NYPD and Urprasad. On or about May 17, 2019, I was issued a Right to Sue Notice. On or about August 16, 2019, I filed a federal complaint in the United States District Court Southern District of New York. The matter is still pending under *Civil Docket Case No.*: 1:19-CV-07693-KPF.

3. In retaliation for filing the Charge with the EEOC and filing the federal discrimination complaint, I was retaliated against by my employer without just cause and subjected to unfair treatment in the terms and conditions of my employment, and in particular, discipline. I was brought up on disciplinary charges, which resulted in me being unjustly placed on Dismissal Probation.

4. On or about February 6, 2020, I was informed by the NYPD by letter with the subject line stating, "DISMISSAL PROBATION FOR DISCIPLINARY" notifying me that a penalty of dismissal from the NYPD had been approved by the Police Commissioner. It further stated the penalty was to be held in abeyance for a period of time of one (1) year during which I would be placed on Dismissal Probation.

5. During this Dismissal Probationary period, retroactively commencing on January 23, 2020, the Police Commissioner may dismiss me at any time without further proceedings pursuant to Administrative Code, Section 14-115(d). I was informed the probationary period could be extended by any period of time if I became suspended, was placed on Modified Assignment, Restricted Duty, Limited Capacity, Sick Leave, Leave of Absence (Military, Personal, Educational, Child Care etc.,) or Annual Leave, or in any other way the NYPD deemed me not performing the duties of my position. My probationary period will continue to on or about January 23, 2021 unless otherwise ordered by the Police Commissioner.

6. As a result of my employer's discriminatory treatment, I have suffered damages including, but not limited to, loss of income, loss of compensation, benefits, lost opportunity, damage to my reputation and career and emotional distress.

Dated: July 9, 2020

Raine Pease, Claimant

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Raine Pease
690 Hungry Harbor Rd
Valley Stream, NY 11581

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2020-04385 | Perry Canales, Supervisory Investigator | (929) 506-5318 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Perry A, Canales    FOR    7/13/2020

Judy A. Keenan,
District Director

(Date Mailed)

Enclosures(s)

cc: David Goldfarb, Esq.
Managing Attorney
NYPD
NYPD Legal Bureau
1 Police Plaza, Room 1406
New York, NY 10038

Donna H. Clancy, Esq.
THE CLANCY LAW FIRM, P.C.
40 Wall Street,
Floor 61
New York, NY 10005